PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:24-CR-5-2 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JEROME N. MORROW, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 77, 78, 79] |

The Court considers Defendant Jerome Morrow's Motion to File *Instanter* (ECF No. 79) (1) a Motion to Reveal the Deal Given Witness (ECF No. 77), (2) a Motion to Deny Testimony of Government Expert Witness, Deny Use of Exhibits, and Continue Trial (ECF No. 78), and (3) a Response to the Government's Notice of Intent to Introduce Evidence of Other Acts (ECF No. 59). The Government does not oppose the *instanter* filings, but does oppose the evidentiary motions (ECF No. 80). For the reasons herein, the Motion to File Pleadings *Instanter* (ECF No. 79) is granted, the Motion to Reveal the Deal Given Witness (ECF No. 77) is denied, and the Motion to Deny Testimony of Government Expert Witness, Deny Use of Exhibits, and Continue Trial (ECF No. 78) is denied.

## I. DISCUSSION

**A. Defendant's Motion to Reveal the Deal**

Defendant argues that any agreements, immunity grants, fees, or other things of value offered to any prosecution witness should be disclosed because they may impact that witness' reliability or credibility. *See* ECF No. 77 at PageID ##: 617–19. The Government counters that:

(1:24-CR-5-2)

> [T]he confidential informant (CI) does not have a formal deal with the United States. Rather, the CI has pending state charges. Upon her truthful testimony in federal court, the case agent will recommend some consideration for her to the state prosecutor for her pending state case. The exact amount of consideration is wholly within the discretion of that state prosecutor, not the United States. Should that change, the United States will promptly inform [Defense Counsel].

ECF No. 80 at PageID ##: 626–27.

Because the Government has (1) neither made an agreement nor offered any consideration to the CI, and (2) the decision of whether to do so lies with state prosecutors, not the Government, Defendant's Motion to Reveal the Deal Given Witness is denied.

**B. Defendant's Motion to Exclude Expert Testimony**

Defendant argues that the Government's expert testimony notice (ECF No. 71) is untimely and insufficiently detailed under Fed. Crim. R. 16(a)(1)(G). The Government counters that when trial was earlier set to commence in September 2025, it told Defense Counsel—without explicitly providing a name—that trial prosecution would require the testimony of an expert in narcotics trafficking. After that revelation, there were extensive procedural delays and plea negotiations between the Parties.[1] Last month, Defense Counsel notified the Court that

> [T]he [P]arties discussed with the Court the Defendant's Motion to Suppress and Supplement and each party's position regarding the procedure of the Motion as relates to trial and other matters . . . [Defendant] advises the Court that the parties are in active

---

[1] Defendant was indicted over two years ago and has used numerous arts to delay trial, including four motions for continuance (ECF Nos. 39, 45, 47, 53), a contested motion for mental health evaluation (ECF Nos. 52, 65), and an extended and contested competency hearing (Minutes of Proceedings [Non-Document] 12/16/2025). To this end, the forensic psychologist who evaluated Defendant opined, "Mr. Morrow may be a difficult client, and he may be challenging to those working with him; however, these features are a product of how he chooses to navigate the world rather than resulting from a severe and persistent mental illness. Forensic Evaluation dated October 31, 2025.

2

(1:24-CR-5-2)

> negotiation for settlement. As such, [Defendant] does here withdraw his Motion to Suppress[.]

ECF No. 69 at PageID #: 508.

The timing of the Government's notice of expert witness testimony (ECF No. 71) was a direct consequence of Defendant's late-hour decision to reject the plea agreement and proceed to trial. At his competency hearing, the Court reminded Defendant that final pretrial and trial were immovable and set for January 6, 2026 and January 20, 2026, respectively. *See* Minutes of Proceedings [Non-Document] 12/16/2025. Until the final pretrial conference, the Government, Defense Counsel, and the Court were under the reasonable impression that Defendant intended to plead guilty pursuant to a submitted agreement. Well before that, Defense Counsel was aware that—should the case proceed to trial—the Government would call an expert witness to testify on narcotics trafficking and trafficking organizations. Guided by *Missouri v. Frye*, 566 U.S. 134 (2012), the Government detailed the plea offer at the final pretrial conference that Defendant rejected. During that same conference, Government's counsel explained that he had given Defendant notice of three expert witnesses, including the drugs expert who would be needed for trial. He hoped the stipulation would allow the government to avoid certain trial related exertions. He even offered to allow Defendant more time to consider the plea agreement and the stipulation that would have negated the need for expert testimony. As is his right, Defendant rejected the offers. Finding itself on new footing after the rejections, the Government promptly entered a notice of expert witness testimony—including the witness' training, education, experience, and anticipated testimony—just two days later. *See* ECF No. 71 at PageID ##: 526–32. Given the fluidity of the proceedings and the immediacy of the filings, the Government's notice is deemed sufficiently detailed and timely under Fed R. Crim. P. 16. Defendant's Motion to Deny Government Expert Witness (ECF No. 78) is denied.

3

(1:24-CR-5-2)

**C. Defendant's Motion to Exclude Videos or Continue Trial**

Defendant argues that "A[e]rial or 'Drone Videos'" that captured alleged controlled narcotics buys should be excluded from evidence because they were untimely provided to Defense Counsel. ECF No. 78 at Page ID #: 622. In the alternative, he seeks continuance of trial to create more time to review the footage and determine whether to contract a rebutting expert witness. See ECF No. 78 at Page ID #: 622. The Government counters that:

> [T]he reasons for the delay are primarily a result of three things: 1) the long standing and good faith discussions with [Defense Counsel] with respect to [Defendant's] intent to plead, 2) the availability of a recognized expert witness in drug trafficking, and 3) the case agent's inadvertence in not knowing it had two five-minute drone videos of two of the controlled buys. In all three instances, the reasons for the delay are understandable based on how quickly the posture of the case changed.

ECF No. 80 at PageID #: 628.

There is no evidence that the Government willfully withheld or delayed sharing the drone footage with Defendant. The record shows that the defense bears equal responsibility for any delays in production. Within hours of discovering the footage, the Government called Defense Counsel, told him about the videos, and provided access to them. See ECF No. 80 at PageID #: 628. Defense Counsel informed the Government that "he had trouble accessing the videos . . . [but] managed to fix his access issue and viewed [them]." ECF No. 80 at PageID #: 628. There is no evidence that the Government acted in bad faith or that Defendant will suffer unfair prejudice caused by the *timing* of the drone footage production.

Defendant has the unequivocal right to a trial by jury. See U.S. Const. amend VI. Yet, when considering the timing of his decision to pursue that right, it matters that Defense Counsel received the drone footage from the Government immediately, providing adequate time to

4

(1:24-CR-5-2)

review the footage and revise litigative tactics as necessary.[2]  Production of the videos was timely under the circumstances, and there is no reason justifying further delay.  Defendant's Motion to Deny Exhibits or Continue Trial (ECF No. 78) is denied.

## II.  Conclusion

Defendant Jerome Morrow's Motion to File Pleadings *Instanter*  (ECF No. 79) is granted. His Motion to Reveal the Deal Given Witness (ECF No. 77) is denied.  His Motion to Deny Testimony of Government Expert Witness, Deny Use of Exhibits, and Continue Trial (ECF No. 78) is denied.

The Court will inquire about the Government's Notice of Intent to Introduce Evidence of Other Acts (ECF No. 59) before the presentation of evidence at trial.  Defense Counsel shall file any response by 12:00 p.m. Noon on January 17, 2026.


IT IS SO ORDERED.

| | |
|---|---|
| January 16, 2026 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |

---

[2] Even if technical difficulties prevented Defense Counsel from viewing the drone footage until January 9, 2026, that does not mean he or Defendant had no knowledge of what the footage portrayed.

5